IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT ELLIOTT DAVIS | : | |
| Petitioner | : | Civil Action No. WDQ-08-1653 |
| | | (Related Crim Case WDQ-03-412) |
| v | : | |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

**MEMORANDUM**

Bryant Elliott Davis, a federal prisoner proceeding pro se, filed a Motion for New Trial which has been construed as a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255  Paper No. 90.  For the reasons that follow, the motion must be dismissed without prejudice for lack of jurisdiction.

Petitioner asserts he is entitled to a new trial based on prosecutorial misconduct and error of trial counsel. Paper No. 90.   The instant motion is a successive §2255 challenge to Petitioner's convictions.[1]  As such, the motion may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*).  Under 28 U.S.C. §2255:

> A second or successive motion must be certified  as
> provided in section 2244 by a panel of the
> appropriate court of appeals to contain–(1) newly
> discovered evidence that, if proven and viewed in
> light of the evidence as a whole, would be sufficient

---

[1] Petitioner's first §2255 motion, filed November 8, 2005, was denied by Order dated April 21, 2006. Paper Nos. 46 and 47.  He filed another § 2255 motion on April 27, 2006, which was dismissed on May 9, 2006.  Papers No. 48 and 53.  Petitioner filed a third motion on June 1, 2006, which was also dismissed on June 26, 2006.  Papers No. 56, 61 and 62.  Petitioner's fourth motion, filed on April 17, 2007, was dismissed on May 2, 2007. Paper Nos. 70-72.

>to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall attach hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive Petition before this Court may examine his claims. Since Petitioner has failed to comply with the procedural requirements for a successive petition, the Motion will be dismissed without prejudice by separate order.

July 1, 2008  /s/
 Date  William D. Quarles, Jr.
 United States District Judge